No. 3868

**Second Circuit**

———

**OUSLEY v. FERNANDEZ**

———

(December 23, 1930. Opinion and Decree.)
(January 27, 1931. Rehearing Refused.)
(March 2, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

———

M. C. Redmond, of Monroe, attorney for plaintiff, appellee.

Munholland & Munholland, of Monroe, attorneys for defendant, appellant.

DREW, J. Plaintiff sued for $97.72, with 8 per cent per annum interest thereon from August 27, 1926, until paid, and 10 per cent upon both principal and interest as attorney's fees, alleging that he is the holder and owner of a certain promissory note, before maturity, in which the defendant promised to pay the above amounts; and that the note is made payable to plaintiff and signed by defendant.

Defendant admits that plaintiff is the owner of the note and that same was executed by him, but denies liability thereon for the want of consideration, alleging that on the 11th day of March, 1926, he entered into a contract with the plaintiff in which plaintiff agreed to furnish plans and specifications, to supervise and erect all work, order all material, keep an accurate account of all expenses, check all bills for material and labor, to pay subcontractors for bills due them and to inspect the work and warrant that it was properly done before bills should be paid, and to furnish itemized payrolls at the end of each week for the building of a residence in the city of Monroe, Louisiana. That defendant agreed to pay all labor, drayage, compensation, insurance on labor and other expenses, and to pay subcontractors, none of which payments, however, were to be made until and unless first approved by plaintiff as to quality of work and correctness of bill, and that plaintiff was to be responsible to defendant for all work or bills approved by him and subsequently found to be incorrect.

That the compensation of plaintiff was to be 8 per cent of the cost of said residence, provided the cost did not exceed $10,500; and that the contract called for two-thirds of said 8 per cent to be paid with each payroll and the remaining one-third to be in three notes, due in four, eight and twelve months respectively. He alleges that all of the amount due plaintiff has been paid with the exception of the one note herein sued on.

Defendant further alleges that he complied in every respect with his part of the contract and that plaintiff has failed to complete the building in a workmanlike manner, alleging that the doors and windows do not fit and allow air and other elements to enter; that the concrete porch was not properly made; that it has cracked and sagged in the middle, so as to hold quantities of water when it rains; that the windows, doors, louvres and painting are all of poor and inferior quality and done in unworkmanlike manner; that the windows are decaying and dilapidating; and that the stucco on the building is of improper mixture and is falling away. He alleges that it will cost him $810 to repair the said residence and to finish it as it should have been finished under the contract with plaintiff, and in reconvention prays for damages in the sum of $810.

On trial of the case, the lower court rendered judgment for plaintiff for the amount sued for, and rejected the reconventional demand as of nonsuit.

A careful study of the testimony in this case has convinced us that the house was not in all respects completed in the workmanlike manner called for by the contract. There is no denial that soon after the house was accepted by defendant that the roof leaked and ruined the wall paper in the house; that the rain would come in around the windows and thereby damage the draperies; that long before the trial of this suit, which was about three and one-

half years after the completion of the house, many of the windows had to be replaced on account of decay, and that many others had completely rotted; and there was filed in evidence an exhibit of part of one window, showing that it had completely rotted and fallen to pieces. The concrete porch was shown to sag in the middle, possibly an inch, and holds water after each rain and that the children used it as a wading pool—possibly an attraction for the children, but not for the lady of the house. The contract called for the windows to be of white pine, and the piece of window filed in evidence is shown to be of yellow pine. The hardware fell off the windows soon after completion of the house and the screens would not lock so as to keep out insects.

Plaintiff was under contract to see that good lumber and material went into the house, as well as to see that the work was completed in a workmanlike manner. In the instances above set forth, he has failed, and want of consideration pleaded to the note sued on here is well founded, and the demand of plaintiff should have been rejected.

The defendant in reconvention has not proved to that certainty required by law the amount necessary to make the repairs to the house, and the judgment of the lower court rejecting his reconventional demand as of nonsuit is correct.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended, by rejecting the demand of plaintiff, at his cost, and as amended, that the judgment of the lower court be affirmed.