**RADCLIFFE, Plaintiff, v. KOSTANDEN et, Defendants.**

Common Pleas Court, Madison County.

No. 20761. Decided May 20, 1958.

Dresbach, Crabbe, Newlon, Collopy & Bilger, Columbus, Otis B. Core, Washington C. H., for plaintiff.

Wiles, Doucher, Tressler & Koons, Arthur W. Wiles, of Counsel, Columbus, for defendants.

## OPINION

By BAYNES, J.

At the pre-trial conference of this case the remaining defendant moved for judgment upon the state of the pleadings of the case.

Plaintiff stated her cause of action in the petition as follows: She was a passenger in an automobile being driven easterly on Route 40 on that section of highway (a four lane divided highway). The defendant Kostanden was operating his automobile in a westerly direction on his section of the highway.

Kostanden attempted to and did pass a tractor-trailer truck being operated on his westbound section of the highway at a speed of 70 m. p. h. striking the rear of the automobile of defendant Dietsch as he was making a left turn into the eastbound lane at an "access point" (provided for that purpose).

The Dietsch vehicle blocked the path of the vehicle in which plaintiff was riding, which collided with the Dietsch vehicle causing plaintiff personal injuries.

Defendant Kostanden was charged with failure to have his vehicle under control so as to stop within the assured clear distance ahead; traveling at 70 m. p. h.; and for failing to avoid colliding with the Dietsch vehicle.

Defendant Dietsch was charged with failure to have his vehicle under control and in making a left turn so that said movement obstructed the path of traffic in the eastbound lanes of traffic.

The petition was filed on 21 February 1958, and defendant Dietsch' answer was filed on 20 March 1958. It admitted the operative facts of the petition, otherwise generally denying the allegations of the petition. He refers to the "access point" of plaintiff's petition as a "cross-over."

Answer day was 22 March 1958 and defendant Kostanden filed a

motion to strike certain allegations from the petition. Prior to rule day on the motion, 12 April 1958 the following entry was filed:

"Now comes plaintiff and dismisses her action as to the defendant, Andy S. Kostanden, at her costs with prejudice to a future action but this case will proceed as to the remaining party defendant, Otto H. Dietsch."

The pre-trial order specified that motion for summary judgment might be entertained. Attending the pre-trial were counsel for defendant Dietsch, plaintiff and local counsel for plaintiff. Other of plaintiff's counsel failed to appear. Notice of the matters possibly to be considered and the question of law—and not of disputed fact—raised by the motion does not run contra to the ruling of the Court of Appeals of this District in Universal C. I. T. v. Stires, 103 Oh Ap 405, 145 N. E. 2d 541, 3 O. O. 2d 418, as we view it.

Plaintiff's counsel urges that the operative facts show defendant Dietsch to have been concurrently negligent or could be found to be concurrently negligent by a jury. That a jury would or could determine that the concurrent negligence of each of the defendants was a contributing proximate cause of plaintiff's injuries.

Defendant's counsel urges that no negligent act of Dietsch is alleged until after his vehicle was propelled by Kostanden's act of striking the rear of Dietsch's vehicle at 70 m. p. h. In other words that no act of Dietsch is alleged which caused Kostanden to be confronted with a sudden emergency and therefore, to some extent at least, cut down Kostanden's assured clear distance ahead. Further that no facts are alleged to show that Dietsch could have avoided being struck by Kostanden.

Whether facts alleged constitute negligence where the facts are not in controversy raises a question of law. A party is not answerable in damages for the reasonable exercise of a right. A liability arises only where it is shown that the right was exercised negligently, unskillfully or maliciously; 29 O. Jur. 596, Sec. 124. Whether any, and what duty, rests upon a defendant is a question of law; 29 O. Jur. 712, Sec. 196.

Assuming for the purpose of argument that some inference of negligence could be attributed to defendant Dietsch, plaintiff's injury must have been the direct result of Dietsch's wrongful act or omission. If, construing the pleading liberally for plaintiff, it does not disclose an accident resulting proximately from defendant's negligence, or if proximate cause is left in doubt, manifestly, as a matter of law, neither pleading or proof would be sufficient to create liability; 29 O. Jur. 615, Sec. 141. Where controlling facts are undisputed and do not justify a reasonable inference that the acts or failure of defendant constitutes the proximate cause of an injury the question is for the court; 29 O. Jur. 746, Sec. 207; see also 6 O. Jur. 2d 673, Sec. 352; Lawrence v. Terminal Co., 154 Oh St 335, 340, 96 N. E. 2d 7, 43 O. O. 241.

It should also be pointed out, in considering the question of law, that plaintiff is bound by the undisputed alleged facts, and cannot have the benefit of some theoretically possible testimony which would make inferences less strong as to Kostanden's alleged negligence and more

strong as to Dietsch's alleged negligence or perhaps impute some other act of negligence to Dietsch not stated or attempted to be stated in the pleadings as they now stand.

A driver who, through another's negligence, looses control of his vehicle, causing a subsequent collision, is not liable unless that driver in the exercise of ordinary care could have regained control; Middleton v. Seither, 131 So. 504, 14 La. Ap. 471. Query, how could defendant Dietsch, in no alleged unlawful or negligent manner in the process of making a left turn, being struck in the rear at 70 m. p. h., have regained control of his vehicle within the distance of the width of the "access point" or "cross-over" and the eastbound two lane section of the highway? See cases noted in Blashfield on Automobile Law v. 4, 144, Sec. 2644.

We therefore conclude that no concurrent acts of negligence are alleged by plaintiff with respect to defendant Dietsch and, though it were otherwise, no conceivable causal relation can be attributed to the lack of control by Dietsch over the course taken by his vehicle within the time and space alleged.

The Court appreciates the raising of the question of law prior to the time a jury was seated for it too frequently happens that a counsel will permit time, trouble and expense to be incurred without public benefit and to its detriment in proceeding to trial where there actually is no dispute as to facts. Likewise the assistance of counsels' oral comment was helpful in the consideration and determination of the motion.

Counsel for defendant Dietsch is directed to prepare an Entry dismissing the petition at plaintiff's costs submitting same to plaintiff's counsel and the Court according to rule, noting exceptions.