Weygandt, C. J.
 

 The single question here presented is whether a Court of Common Pleas is empowered to establish a rule requiring the employment of local co-counsel by counsel actually of record but not maintaining an office in that county.
 

 It is of course fundamental that courts are vested with inherent power to establish rules for regulating their proceedings and for facilitating the administra
 
 *374
 
 tion of justice. 7 Buling Case Law, 1023. 11 Ohio Jurisprudence, 756. This power exists independently of statute, and its exercise is especially to be commended at this time when the constantly increasing volume of litigation necessitates maximum efficiency in expediting court work lest justice be delayed and thereby virtually denied. However, it is equally fundamental that such rules must not contravene either the organic law or a valid statute; and likewise they must b.e reasonable in their operation.
 

 Counsel for the plaintiff are in default of briefs, and did not appear for oral argument at either of the hearings in this court. Possibly the reason their views have not been presented is that they, too, have come to consider the decision in the case of
 
 State, ex rel. Wilhe,
 
 v.
 
 Newton, Judge,
 
 125 Ohio St., 640, 186 N. E., 94, as dispositive of the instant question. Under a similar rule the trial court in that controversy refused to enter a default judgment unless the plaintiff were represented by local co-counsel. This court allowed a peremptory writ of mandamus requiring the trial court to permit nonresident counsel for the plaintiff to appear and prosecute the action without such co-counsel.
 

 The principle involved in both cases is that when this court has duly admitted a person to practice as an attorney and counsellor at law, the privilege thereby conferred is not restricted to one county but is statewide and cannot be abridged by a local court rule. Furthermore, a rule of court should apply uniformly to all attorneys appearing in that court irrespective of their place of residence in the state.
 

 It is apparent that the judgments of the lower courts must be reversed and the cause remanded except as to the defendant, The Fro-Joy Baker-Tabor Ice Cream Company. The defendants, Meyer and Silekovitz,
 
 *375
 
 agree that the trial court was correct in entering judgment for the company.
 

 Judgment affirmed as to The Fro-Joy Baker-Tabor Ice Cream Company and reversed as to the other parties.
 

 Stephenson", Williams, Matthias, Day and Zimmerman, JJ., concur.
 

 Jones, J., not participating.