## SZABO v WARADY

Ohio Appeals, 8th Dist.,
Cuyahoga Co.

No. 18596. Decided June 1, 1942.

J. B. Dolphin Esq., Cleveland,
for plaintiff-appellee.

F. W. Warady, Esq., Cleveland,
for defendant-appellant.

## OPINION

By SKEEL, J.

This action was brought by plaintiff appellee against the defendant appellant, seeking to recover certain money claimed to have been illegally withheld from the plaintiff out of funds received in his behalf from the Industrial Commission of Ohio. The plaintiff (now deceased) was injured while working in the course of his employment and upon claim being filed and denied by the Industrial Commission, and appeal taken to the Common Pleas Court, he ultimately received an award of $2400.00, in full settlement of his claim. When this award had been paid with the exception of about $200.00. the plaintiff (now deceased) consulted the defendant as an attorney at law with respect to the case. After some study of the facts presented to him, the defendant recommended to the claimant that an application be filed with the Industrial Commission to reopen the case with a view to securing an additional award. Thereupon a contract was entered into between the parties whereby defendant was employed as plaintiff's attorney. He was to receive as his compensation for whatever services he should render on behalf of the claimant forty percent of any additional award secured from the State Insurance Fund, beyond that which had already been awarded. After this contract had been executed and modified as is expressed in Exhibit B, and as a result of the efforts of the defendant, the case was reopened and the Industrial Commission made an additional award of $4,000.00, plus certain medical and travelling expenses which totalled $312.79.

When the checks were received for these sums of money from the Industrial Commission the claimant took them to the office of the defendant where, after some discussion, the parties came to an agreement as to how much the claimant was then indebted to the defendant, which agreement was reduced to writing and signed by the claimant and his wife. By this memorandum it appears that the total amount of the recovery. plus the unpaid balance due on the first award, was Forty Five Hundred Twelve Dollars and Seventy Nine Cents ($4512.79). It was agreed that the defendant should be paid for his services the sum of $1504.25 or one-third of the total recovery. It was further agreed that the defendant had advanced the claimant three hundred and forty-eight dollars ($348.00) and that there was due the defendant from the claimant, five hundred dollars ($500.) for fees in other cases and travelling and other expenses incurred in the instant case.

It must be remembered that the claimant received the money in four checks from the Industrial Commission of Ohio and that these checks, payable to the claimant, were in his possession until he paid the defendant the amounts agreed upon. The defendant was given the checks, endorsed by the claimant, and directed to deposit the balance of the money, to-wit, $2160.23 in the bank to the credit of the claimant's wife; the account being opened in her maiden name.

This transaction was concluded January 19, 1939. Plaintiff's Exhibit C discloses that on March 13, 1940. more than a year after this transaction was closed, at the request of new counsel employed by claimant, there was an application filed and a hearing had before the Industrial Commission of Ohio in Columbus, Ohio, in which the subject of the fees which the appellant

could claim for his work on behalf of the claimant, with regard to his claim for an additional award, was the subject for consideration. No notice of this hearing was ever served on the defendant nor was he accorded the courtesy of notice of the finding which was mailed on April 1, 1940, to "claimant, employer, attorney Dolphin," the latter being attorney of record in the instant case for the appellee. The finding of the Industrial Commission was that the defendant was entitled to $500.00 and no more for securing claimant the additional award.

The instant case was then instituted to secure the return of all of the money paid to the defendant by the claimant, except for the $500.00 allowed by the Industrial Commission as fees in the ex parte proceedings described above, and $85.00 which the claimant admitted receiving from the defendant as a loan during the time the case was pending.

Under the rule of common pleas court, the case was called on pre-trial, after the issues were made up. The defendant did not appear. Defendant's counsel called the court on the date set for the pre-trial hearing, and asked to be permitted to withdraw from the case, and that the defendant be notified that the case was in the pre-trial room. The court, although the defendant was not present or represented by counsel, thereupon entered a "default for plaintiff" and marked the case, "jury waived and case ordered to pre-trial room for assessment of damages." This order, together with the proceedings had before the Court on October 24, 1941, in furtherance of the above quoted pre-trial order, is now before this Court for review.

The defendant appellant contends that his constitutional right to have disputed questions of fact at issue in a judicial proceeding submitted to a jury has been abridged, by the court's entering a jury waiver in his absence and without his consent. The appellant further contends that the judgment finally entered upon hearing is manifestly against the weight of the evidence and contrary to law.

The first of these contentions is clearly supported by the record. The court of common pleas has the power to enact rules defining matters of procedure, so long as they are reasonable, and not in conflict with general laws.
**State ex rel v LeBlond 108 Oh St 126.**

The pre-trial rules provide that the pre-trial judge shall "have authority * * *

(a) * * *
(b) * * *
(c) Upon failure of council for the defendant to appear, to proceed with the case; allow amendments; fix the number of witnesses; decide all other preliminary matters, and make such findings as is proper".

Such rule does not intend that upon pre-trial, where counsel for the defendant does not appear, the court should finally dispose of any case where, by the pleadings, issues of fact are presented. The rule refers only to preliminary matters. It provides that;

"cases * * * listed, called and docketed for pre-trial, shall be considered advanced for that purpose to comply with §11384 GC."

The court in this case did not, upon pre-trial, assume to dispose of the case finally, by taking testimony and entering final judgment, but did attempt to enter a default

just as if the defendant had failed to plead, and set the case down for assessment of damages, and waived the defendant's right to a jury trial, without his knowledge or consent. When the case was next called for the assessment of damages, as directed upon pretrial, the defendant and his lawyer appeared and demanded the right to a jury trial, which was refused, and the case proceeded to trial to the court, the evidence of both sides being presented.

The refusing the defendant the right to a jury trial, we hold was prejudicial to the defendant, and in violation of his constitutional right. While it is true as hereinbefore indicated, the court has the power to pass rules to aid in the dispatch of its business, the rule here under consideration, however, does not, upon failure of the defendant to appear for pre-trial, deprive him of the right to a jury trial upon issues then made by the pleadings.

The majority of the court are of the opinion that the judgment is not sustained by the evidence and is contrary to law.

The defendant admits that there was paid to him the sum of $2352.25, but, as indicated above, in the statement of the case, he claims the right to such deductions on three grounds:

1. For money advanced to the claimant while case was pending $ 348.00
2. Fees in other cases 500.00
3. Fees charged in instant case 1504.25

 ———
 $2352.25

As to the first and second claims of the defendant, the plaintiff admits borrowing $58.00 which

amount the court awarded to the defendant in its entry of judgment. So that the claim of the defendant for expenses, fees in other cases, and money advanced beyond the actual amount of $58.00 was entirely disregarded by the court. The grounds upon which the court comes to this conclusion was, first, that a contingent contract for a percentage of the recovery, as attorney fees in an Industrial Commission case, is illegal and contrary to public policy, and second, that the money advanced and other bills for fees and expenses, cannot be lawfully paid out of funds received from the Commission where such funds are received as an award for physical injury for which compensation is provided for by the Workmen's Compensation Act.

It is true that the fundamental purpose of the Workmen's Compensation Act is to provide necessary sustenance for a workman and his family during the workman's disability, or to sustain the dependents of a deceased workman for a reasonable time after his death due to bodily injury due to accident while acting in the course of his employment. Such purpose is indeed commendable not only in the interest of both employer and employee, but also in the interest of the general public good, and should not be deviated from in the slightest. It is the evident purpose of the Workmen's Compensation Act to protect the rights of claimant to receive such award as is made to him, as is evidenced by sub-sections 88, 89, 90 and 111 providing certain limitations on attorney fees, medical and nursing expenses and on the ability of creditors to attach funds before they are paid to the claimant. But this does not mean that the claimant cannot use the money after he has received it for whatever purpose to

him seems expedient. The statement to the contrary in the opinion of the trial court is not supported by the statute. When we examine the facts in this case we find that at least $348.00 of the funds claimed to have been received by defendant from claimant were for money advanced to claimant for living expenses and used during the period for which the award was later made. We find, therefore, that there is no limitation on the ▮▮▮▮ ▮ claimant's right to use the funds which have already been received from an award, for any purpose which to him seems best.

The majority of this court further finds that the judgment for the plaintiff as to monies advanced and claimed to be owing to the defendant for expenses and fees in other cases is manifestly against the weight of the evidence.

The testimony submitted by the plaintiff denies the borrowing of more than $58.00 from the defendant while he was in charge of the instant case. But, when pressed upon the point, the claimant's wife who was the only witness to testify for the plaintiff on this point, answered, "No, not so far as I know," after having on direct examination answered "no" when questioned as to other money claimed to have been advanced by the defendant. Such indefiniteness, when considered in the light of the other circumstances of the case; the fact that claimant was on relief and all income from the Industrial Commission had stopped; does not entitle the witness's previous denial to great weight. As to the other items charged, fees and expenses, the evidence clearly shows that the defendant did represent the claimant in other cases and that certain expenses were in-curred, such as trips to Columbus and the like in the instant case. These facts taken together with the claimant's signed admission of what he owed the defendant, which admission on his part was attested to by his wife, completely destroys the probative value of testimony quoted above.

Coming now to the right of the defendant to compensation for the services rendered the claimant in securing the additional award of $4,000.00: The plaintiff does not dispute that the defendant's services were valuable and there is no evidence on the plaintiff's behalf which disputes the defendant's evidence that they were reasonably worth $1504.00. It is the plaintiff's contention that the contract for a percentage of the recovery was unenforceable and contrary to law and that by statute where the Industrial Commission has fixed the amount, which amount in no case can exceed $500.00, such finding is conclusive and final.

There are two sections of the statute which deal with the subject of fees. **Sec. 1465-90** and **Sec. 1465-111-a GC.** The first of these sections does not apply to the facts in this case. That section has application only to the compensation for lawyers which is taxed against the Commission, when the applicant is successful in his appeal to the court after being refused compensation upon rehearing by the Commission. It in effect provides for compensation for the appeal which is allowed by order of the court and which is limited to twenty percent (20%) of the recovery up to $500.00 and ten percent (10%) of such recovery exceeding $500.00, with a provision that in no event shall the fee allowed exceed $500.00. Whether this is intended to provide for the only fees which

an attorney is entitled to receive for the court appeal we do not need to consider.

In the instant case there was no appeal to the court. The Commission reopened the case after defendant presented his application and upon the facts developed by the defendant, the Commission granted the additional award. Therefore, the only section which makes provision for the facts of the instant case is §1465-111 GC, which provides:

"The Industrial Commission shall have authority to inquire into the amounts of fees charged employers or claimants by attorneys, agents or representatives for services in matters before the industrial commission, to make rules concerning the payment of fees, to protect parties against unfair fees, and to fix the amount of fees in the event of a controversy in respect thereto, to make regulations designed to prevent the solicitation of employment in the prosecution or defense of claims and to make and promulgate reasonable rules and regulations designed to promote the orderly and expeditious submission, hearing and determination of claims. * * *"

It will be noted that the statute provides no limitation either as to what percent of the recovery or the total amount of the fee that can legally be charged when the case is concluded before the Commission, without appeal to the courts. In this it differs from §1465-90 GC. The record is also silent as to any rules that may have been adopted by the Commission as authorized by the section. The Commission is given authority, first,

"to inquire into amounts of fees charged * * *";—second;

"to make rules concerning the payment of fees;"—third;

"to protect parties against unfair fees." and fourth;

"to fix the amount of fees in the event of a controversy in respect thereto * * *."

The Commission in this case had not been requested to fix the amount of defendant's fees because of a controversy between the parties. The fact is that the parties had agreed upon the amount to be paid. Nor could it be said that the ex parte inquiry was instituted to protect the claimant against unfair fees. Whether the fee provided by the contract was reasonable or unreasonable has never been determined judicially or otherwise. In making its finding, the Commission seems to have acted under the assumption that its finding must be limited to five hundred dollars ($500.00) as provided by sub-section 90.

The Supreme Court of Ohio, in the case of **Adkins v Stakes, 130 Oh St 198,** has declared, fourth syllabus:

"A contingent contract, whereby an attorney is to receive from the claimant for his services one-half of any award made by the commission, but in the event no award is made the attorney is to receive nothing, is against the public policy declared in our state constitution and is invalid in law."

This case involved a contingent contract for fifty percent (50%) of the recovery. Through the efforts of claimant's lawyers an award of $1465.00 was paid to the claimant who paid the defendant, his attorney, $700.00 out of the money received as fees. The defendant then

claimed the right to an allowance for fees for the court appeal under §1465-90 GC to be paid by the Commission. The court allowed the defendant $195.00 on this application. This action was then brought by the claimant for the return of the $700.00 paid as fees under the contingent contract. No attempt was made to show that the charge was reasonable or that there was any relationship between the reasonable value of the services and the amount received. This case was subsequently noticed by the Supreme Court in the case of Mc-Camey v Payer, 135 Oh St 660. On page 665 the court says:

"* * * A majority of the court adheres to the decision in the Staker case and is unable to distinguish it in principle from the instant case."

"The members of this court recognize the validity of contingent fee contracts generally and appreciate the fact that there is something from a practical standpoint for their sanction, assuming their reasonableness in Workmen's Compensation cases where an attorney works diligently, capably and successfully for his client; but we cannot escape the inhibitions contained in our organic and statutory law by approving a contract of the type presented in the instant case, ignoring as it does the existing statutory expressions as to attorney fees * * *."

In the McCamey case the contract did not recognize the limitations of §1465-90 GC.

While contingent contracts are not favored as indicated by these cases and are unenforceable when they contravene the clear provisions or spirit of the Workmen's Compensation Act, yet, where they are reasonable and in full conformity with the provisions of the act they are not against public policy.

And even though such a contract is, because of its terms, found to be unenforceable, the lawyer whose work has made possible the granting of an award by the Commission, without the necessity of appeal to the courts, would be entitled to receive out of the funds awarded an amount equal to the reasonable value of his services.

In Carson v Beall, 8 OO 272, Court of Appeals 1st District, the Court had under consideration a contingent fee contract which recognized the limitation of sub-section 90 GC in case an appeal to the court was necessary, and further provided for a reasonable fee not to exceed twenty percent (20%) of the recovery if an award was procured without such appeal. This case clearly distinguishes between a case where the services are rendered before the Commission and are controlled by sub-section 111 and services rendered upon appeal to the courts where sub-section 90 is controlling. The court, in passing upon the validity of the contract, said: (4th syllabus)

"A contract whereby a claimant agrees to employ an attorney and pay him a reasonable fee not to exceed a sum equal to twenty percent of the award for services before the commission, and in event of an appeal to the common pleas court, such sum as said court may allow, under §90 GC, is valid and in conformity with §1465-111 GC."

We conclude, therefore, that if the amount of the fees provided for

by the contract were under all of the circumstances reasonable, then such contract was not violative of plaintiff's rights and he is not entitled to recover the amount paid, less $500.00.

We further conclude that such question is one of fact to be determined by submission to a jury under proper instructions from the court, the Commission not having been requested to act under Subsection 111 GC in a proper way.

The judgment of the common pleas court is therefore reversed and cause remanded for further proceedings.

MORGAN, J., concurs.
LIEGHLEY, PJ., dissents.