THE SANDUSKY ELKS HOME ASSN., APPELLEE, *v.* SZENDERY ET AL., APPELLANTS.

(No. 659—Decided April 13, 1953.)

*Mr. C. E. Moyer, Mr. B. G. Zeiher* and *Mr. Wilbert G. Schwer,* for appellee.

*Messrs. Clarke & Costello,* for appellants.

FESS, J. This cause came on for hearing on an appeal on questions of law and fact, and the plaintiff offered as evidence on its behalf the transcript of the testimony taken in the Common Pleas Court. Defendants, appellants herein, object to the introduction of the transcript as evidence. This court has not adopted the rules of procedure which were adopted by the judges of the Courts of Appeals at their annual meeting on September 21, 1948.

Rule XIII of this court provides as follows:

"On trial of actions originally commenced in the Court of Appeals and of cases appealed thereto on questions of law and fact, no oral testimony will be received. If testimony other than that preserved in the lower court is required by either party, it may be taken in manner and form as the parties agree, or by a referee or master appointed by the court, or by depositions according to law.

"Either party may offer any written agreed statement and such parts or the whole of any transcript of testimony taken in the lower court or as aforesaid, and of any deposition or other written documentary or record evidence or other exhibit as he may desire, reserving all questions of competency to the court. The costs of any such transcript of testimony shall be paid, in the first instance by the party procuring the same, subject to any final order or judgment of the court.

"Unless testimony of witnesses to be presented on the trial of actions originally commenced in this court, and in cases appealed thereto on questions of law and fact, be reduced to writing as aforesaid and filed in the court before such case is assigned for trial, the

cause will be referred for trial or the taking of such testimony according to law.''

Under the provisions of this rule, the plaintiff is entitled to offer on its behalf such parts of the transcript of the testimony taken below as it may see fit. But the Supreme Court has held that, although the procedure contemplated by a similar rule is commendable, under the plenary grant of the Constitution permitting the parties in chancery cases to be heard *de novo* on appeal, litigants have the right to submit their evidence to the appellate court under the same legal rules applicable in trial courts. *Union Trust Co.* v. *Lessovitz,* 122 Ohio St., 406, 171 N. E., 849; *Dehmer* v. *Campbell,* 124 Ohio St., 634, 180 N. E., 267. The objection is, therefore, sustained.

This court possesses inherent power to adopt such reasonable rules as it may deem necessary to govern its proceedings and to facilitate the administration of its business, provided such rules do not conflict with the Constitution or a valid statute. *Meyer* v. *Brinsky,* 129 Ohio St., 371, 195 N. E., 702; *Brown* v. *Mossop, Admr.,* 139 Ohio St., 24, 37 N. E. (2d), 598. That portion of the rule which permits a party to offer the transcript has been declared to be in conflict with the Constitution, but the provision that no oral testimony shall be received and that the testimony shall be taken by a referee or master appointed by the court, or by deposition according to law, is a valid exercise of the rule-making power in the interest of facilitating the business of the court. The demand that oral testimony be taken is, therefore, denied, and the case will be referred to a master for further proceedings.

*Judgment accordingly.*

DEEDS, J., concurs.

CONN, J., dissenting. Defendants have appealed to this court on questions of law and fact from a judgment of the Court of Common Pleas. A transcript of the evidence taken in the court below was filed in this court. When the case was reached for trial, plaintiff offered this transcript in evidence. Thereupon, the defendants objected to the receipt of the transcript and moved the court to appoint a referee to take testimony.

The motion of defendants raises an issue as to the validity of Rule XIII of this court.

It is uniformly recognized that courts have the inherent right to formulate and adopt reasonable rules to govern their proceedings, providing such rules do not contravene a valid statute or the Constitution. Pursuant to this power, the Court of Appeals of this district on February 10, 1923, adopted a rule, then known as Rule XVI, the pertinent provisions of which were as follows:

"On trials of cases appealed to the Court of Appeals, no oral testimony will be received. If testimony other than that preserved in the lower court is required by either party, it may be taken in manner and form as the parties agree, or by a referee or master appointed by the court or by depositions according to law.

"Either party may offer any written agreed statement and such parts or the whole of any transcript of testimony taken in the lower court or as aforesaid. * * *,,

The foregoing provisions of Rule XVI have been retained through the years without successful challenge. Changes have been made in numbering, and the rule containing the above provisions is now known as Rule XIII.

In the new Appellate Procedure Act, the Legislature confirmed the rule-making power of the courts by ex-

pressly authorizing the Courts of Appeals to make rules, subject to the approval of the Supreme Court ''for the purpose of making this act effective for the convenient administration of justice or of, otherwise, simplifying judicial procedure.'' Section 12223-47, General Code.

Subdivision 3 of Section 1 of the act (Section 12223-1, General Code), defines an appeal on questions of law and fact as a ''rehearing and retrial of a cause upon law and the facts * * *.'' The evident purpose of the Legislature in enacting the statute providing the new procedure on appeal was to simplify the review and rehearing of cases on appeal. The rule under consideration has a like purpose.

It is contended by defendants that the right to a trial *de novo* includes the taking or retaking of all evidence in this court, in the manner prescribed by Rule XIII, without regard for the transcript of testimony taken in the Common Pleas Court, and to its complete exclusion.

Defendants rely on the cases of *Union Trust Co.* v. *Lessovitz,* 122 Ohio St., 406, 171 N. E., 849, and *Dehmer* v. *Campbell,* 124 Ohio St., 634, 180 N. E., 267. These cases appear to lend support to defendants' contention. Both preceded the enactment of the Appellate Procedure Act, which expressly confirmed the rule-making power of the courts ''for the convenient administration of justice.''

In the *Union Trust Co. case, supra,* both appeal and error proceedings were involved and the primary issues related to the character of the appeal. No issue was raised as to the conduct of a trial *de novo,* notwithstanding references thereto were made in the opinion at page 419 and in the syllabus. In *Dehmer* v. *Campbell, supra,* the court approved and followed the *Union Trust Co. case* without further exposition.

It is my opinion that the cases relied on by defend-

ants are not decisive of the question presented by defendants' motion. The question before us relates to the validity of Rule XIII. Is this rule invalid on the ground that it denies defendants a trial *de novo*? It takes away no right of defendants to amend pleadings, introduce additional evidence, or complete their record in this court. It does prevent interminable delays and unnecessary expense, as either party has the option to use any part or all of the transcript.

It is not apparent how a litigant in any case on appeal on questions of law and fact can be prejudiced at this late date by Rule XIII, honored as it has been with many years of fruitful service in its reasonable application to procedure in this court.

I would deny the motion of defendants and immediately appoint a master or referee to take such additional testimony as the parties or either of them wish to introduce, unless the parties agree on some other method, and thereby avoid further delay in adjudication of the issues in this case.