UNIVERSAL C. I. T. CREDIT CORP., APPELLEE, *v.* STIRES, APPELLANT.

(No. 212—Decided November 1, 1956.)

*Mr. James B. Patterson, Jr.,* for appellee.
*Mr. J. Harvey Crow,* for appellant.

MILLER, P. J.  This is an appeal on questions of law from a default judgment of the Common Pleas Court of Madison County in favor of the plaintiff for the balance due on a certain note and chattel mortgage.  The record reveals that the petition alleges the execution of the note and mortgage, its assignment to plaintiff for value before maturity, the default in payment, the repossession of the property, that the notice required by Section 1319.07, Revised Code, was sent to the de-

fendant by registered mail, and that more than ten days thereafter the chattel property was sold and, after giving due credit to the defendant from the proceeds of this sale, there was a balance of $509.60 still due plus interest at six per cent from September 16, 1954.

The only issue raised by the answer was the denial that the plaintiff had complied with the provisions of Section 1319.07, Revised Code. A reply was filed in which the plaintiff denied that it failed to comply with the cited section of the Revised Code. Therefore, the sole issue raised by the pleadings related to a compliance by the plaintiff with the requirements of the cited section of the Revised Code.

The record discloses further that in accordance with the rules of court the case was assigned for pre-trial on February 7, 1956; that neither defendant nor counsel appeared in obedience to the command of the court that they do so; and that plaintiff and its counsel did so appear. Thereupon, the court approved the following judgment entry, to wit:

"This day this cause came on to be heard on the petition of the plaintiff, the answer of the defendant, the reply of the plaintiff, and the order of this court dated December 16, 1955, setting this cause for pre-trial hearing Tuesday, February 7, 1956, and specifically requiring both parties to be present in court.

"Upon hearing, the defendant and/or defendant's counsel having failed to appear, as required by this court's previous order hereinbefore set out, the court having examined the written evidence offered by the plaintiff, consisting of the original chattel mortgage, the notice of sale, and the return receipt for registered mail for the mailing of the notice of sale, and being fully advised in the premises, the court finds that the plaintiff has complied with all the provisions of Revised Code Section 1319.07.

"The court further finds that the defendant is in default for failure to appear in court in compliance with the court's previous order hereinbefore set forth, and that the defendant is indebted to the plaintiff in the sum of $509.60 plus interest at 6% per annum from September 16, 1954, in the amount of $45.87 making a total of $555.47.

"It is therefore ordered by the court that the plaintiff, Universal C. I. T. Credit Corporation, recover from the defendant, Gerald Stires, the sum of $555.47 plus costs taxed at $......"

The errors assigned are:

1. That the judgment is contrary to law.

2. That the trial court abused its discretion in rendering judgment at the time and in the manner as is shown from the transcript.

3. That the judgment rendered by the court violates a constitutional right of the defendant to a trial by jury.

4. That the trial court is without authority to render summary judgment as it attempted to do in this cause.

The record discloses that the order issued by the trial judge commanding the parties and counsel to appear on February 7, 1956, at 10:30 a. m. stated that the purpose of the same was to accomplish the following:

1. A full and frank discussion of the issues, looking to the maximum narrowing of the area that divides the parties.

2. Written stipulations concerning pleadings, evidence, exhibits, examinations, and trial procedure.

3. Complete canvassing of the chance of compromise or settlement.

All the errors assigned relate to the legality of the procedure adopted by the trial court, so we shall consider them together. It will be noted that the pre-trial notice served upon the parties and counsel was only for the purpose of considering the three items specified in the notice and nothing more. Therefore, upon the failure of the defendant and his counsel to appear, the issue raised by the answer remained and the defendant was entitled to have a jury pass upon the same, as no waiver of such a trial was signed by the defendant. Authority for pre-trial proceedings in this state is of comparatively recent origin; hence, we have been able to find only one reported Ohio case on the question presented. The case referred to is *Szabo* v. *Warady*, 36 Ohio Law Abs., 407, 44 N. E. (2d), 270, the first paragraph of the headnotes of which is:

"A pre-trial rule authorizing the judge, upon failure of counsel for defendant to appear, to proceed with the case, allow amendments, fix the number of witnesses, decide all pre-

liminary matters and make proper findings, does not intend that upon failure of counsel for defendant to appear, the court should finally dispose of any case where issues of fact are disclosed by the pleadings, and does not deprive defendant of the right to a jury trial after having a default judgment entered against him; consequently, the refusal of the court to grant defendant a jury trial is prejudicial error.''

The opinion in that case was written by Judge Skeel of the Eighth Appellate District and is in accordance with our views on the question we have here. See, also, textbook entitled "Pre-Trial" by Harry D. Nims, page 153.

The judgment is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

HORNBECK and WISEMAN, JJ., concur.