Repp et al., Appellees, v. Horton, Appellant.

[Cite as Repp v. Horton (1974), 44 Ohio App. 2d 63.]

(No. 33582—Decided November 29, 1974.)

*Mr. Thomas A. Heffernan*, for appellees.

*Mr. Steven W. Albert* and *Mr. S. Burns Weston*, for appellant.

Corrigan, J. This is an appeal from the trial court's finding that defendant did not "appear" at pretrial as required by Cuyahoga County Common Pleas Court Rule 21 (H) (2). That rule provides that at all pretrial conferences:

"If within the jurisdiction of the court, the defendant must be present except where the real party in interest is an insurance company, common carrier, corporation or other artificial legal entity in which case a representative thereof with authority to negotiate and power to settle the case must be present."

The action arose out of an automobile accident and defendant was being represented by counsel for Motorists

Mutual Insurance Company. The lowest demand being $2000 and the highest offer being $1500, counsel for both parties moved to submit the case to arbitration. The court denied the motion and set the case for pretrial. Counsel for defendant was present at the pretrial accompanied by an insurance company representative who indicated that he had authority to settle the case for the company's previous evaluation of $1500.[1] Any increased offer would have to be approved by the home office in Columbus which the representative indicated could be reached by telephone during the pretrial. The court found that a representative "with authority to negotiate and power to settle the case" was not present as required by local Rule 21(H) (2) and proceeded to hear the case pursuant to Rule 21(G) (2) which provides that any judge presiding at a pretrial has authority:

"To order the plaintiff to proceed with the case and to decide and determine all matters ex parte upon failure of the defendant to appear in person or by counsel at any pretrial conference or trial as required in (H) (2) of this Rule."

Defendant was not permitted to participate in the hearing on the merits and a judgment for the plaintiff was rendered.

Defendant appeals raising four issues:

1. Court Rule 21(H) (2) does not require the Motorists Mutual Insurance Company to produce a representative at a pretrial conference whose authority is unlimited "to negotiate and settle the case."

2. If Rule 21(H) (2) requires a representative from the Motorists Mutual Insurance Company to be present at a pretrial conference with unlimited authority "to negotiate and settle the case," then said rule violates Rule 16 of the Ohio Rules of Civil Procedure.

3. By invoking Court Rule 21(G) (2), the trial court deprived the Appellant of due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of the Ohio Constitution's protection of every person under due course of law.

---

[1]The defendant was not present.

4. Court Rule 21(G) (2) as promulgated by the Cuyahoga County Common Pleas Court is in conflict with Article One Section Five of the Ohio Constitution and therefore, the Court rule is unconstitutional.

The first two issues can be analyzed together. Court Rule 21(D) provides:

"The primary purpose of the pretrial conference shall be to achieve an amicable settlement of the controversy in suit. If the court concludes that the prospect of settlement does not warrant further court supervised negotiations, then the court shall act on any other matters which come before it at that time and efforts shall be made to narrow legal issues, to reach stipulations as to facts in controversy and, in general, to shorten the time and expense of trial."

It is obvious that the Common Pleas Court of Cuyahoga County looks upon a pretrial as having a primary and secondary purpose. The former is the settlement of the case and the latter is the preparation for trial should no settlement be reached. Citing federal authority appellant argues that this primary purpose of settlement violates Ohio Civil Rule 16 which deals with pretrial procedure. Rule 16 of the Federal Rules of Civil Procedure makes no mention of settlement while Ohio Civil Rule 16 provides the possibility of settlement as its first named objective. The remaining provisions of that rule pertain to matters relevant to trial preparation. It is apparent to this court that the primary and secondary purposes set forth in Court Rule 21(D) are in harmony with Rule 16 of the Ohio Rules of Civil Procedure.

The Common Pleas Court has authority to make local rules that are reasonable. See Civil Rule 83 and *Meyer* v. *Brinsky* (1935), 129 Ohio St. 371. Court Rule 21(H) (2) must be viewed in light of its purpose to facilitate pretrial settlements. The purpose of the pretrial is not to define the status of the negotiations as they exist up to that time. This should have been done prior to the pretrial and is the reason that a pretrial statement is required.[2] It is the purpose of the pretrial to carry the negotiations forward by a

---

[2] Cuyahoga County Common Pleas Court Rule 21 (A).

discussion of the issues and the evidence in the hope of bringing about an agreeable settlement. In its capacity as intermediary in these negotiations the court must evaluate the prospects of settlement and move toward trial preparation if settlement seems unlikely. In this context it is not unreasonable to require that parties be present who have full authority to negotiate and settle the claim.

The question of authority to "negotiate and settle" arises at that stage of the pretrial when demands and offers are made and demands and offers are based upon the relative merits of the parties' claims. The rule requires the attendance not of a company "parrot" but a person with a reasonably open mind clothed with the power to re-evaluate the claims in the light of the facts developed in the course of the pretrial hearing. If an insurance company representative is present at pretrial who has authority to settle the case for any amount he reasonably believes the claim to be worth based upon the evidence, then the defendant is in compliance with Court Rule 21(H) (2). On the other hand, the defendant is not in compliance if the representative is unable to evaluate the evidence and is not authorized to go beyond a pre-arranged figure even though it is obvious that the case is worth more than that amount.

In the present case the court made no finding that the representative was unable to evaluate the claim and make reasonable offers based upon that evaluation. From the record it appears that the court made its determination that the defendant was in violation of Court Rule 21(H) (2) upon learning that the representative was not authorized to offer more than the company's previous evaluation of $1500. We find that this ruling was premature. The court should have conducted the pretrial until such time as it became clear that the representative was unable to carry on negotiations and was without authority to offer any amount commensurate with the worth of the claim. There is no evidence that the representative was without authority to offer what he reasonably believed the case to be worth nor was there any evidence that the case was obviously worth more than $1500.

Although this court has already determined that the judgment below is not supported by the evidence and therefore should be reversed, pursuant to Appellate Rule 12 (A) we are required to pass upon the remaining assignments of error. Accordingly, we treat the third and fourth issues which deal with the constitutionality of Court Rule 21(G) (2) permitting the judge to allow the plaintiff to proceed ex parte when a defendant fails to appear as provided by Rule 21(H) (2). Defendant argues that the application of this rule is a violation of due process and specifically conflicts with the right to a jury trial. We have been referred to two Ohio Appellate cases, *Szabo* v. *Warady* (1942), 36 Ohio Law Abs. 407 (Cuyahoga Cty.), and *Universal C. I. T. Credit Corp.* v. *Stires* (1956), 103 Ohio App. 405 (Madison Cty.), both of which held that the court was without authority to deprive a defendant of a jury trial on the merits for failure to appear at a pretrial. Since in neither of those cases was there a local rule of which defendant had notice, permitting the court to proceed ex parte as there is here, we find those cases inapplicable.

There is one Ohio case, decided by this court, involving a local rule permitting the dismissal of an action for failure of plaintiff and his counsel to appear at a pretrial. *Bognar* v. *Quarries Co.* (1966), 7 Ohio App. 2d 187. We did not pass upon the constitutionality of the rule but noted that the Common Pleas Court must strictly adhere to its own rules. The dismissal was reversed as being contrary to the spirit and the language of the rule because counsel was present and it did not appear that the absence of the non-resident plaintiff was due to any act of his own.

In more recent years important steps have been taken to improve the administration of justice. Courts generally have recognized their responsibility for meeting the litigation explosion by employing modern management techniques and by adopting rules and procedures to expedite an orderly flow of cases through the system. Since the passage of the Modern Courts Amendment clearly granting rulemaking power to the courts, the State of Ohio has witnessed the adoption of the new Civil and Criminal Rules of Procedure and the promulgation of the Rules of Superintend-

ence. As the first Rule of Superintendence states, the rules are designed to expedite the disposition of cases, while safeguarding the rights of litigants to just processing of their causes and yet serving the public interest by the prompt disposition of all cases before the courts. We are now called upon to determine whether a local court rule designed to expedite the disposition of cases is an unconstitutional violation of litigants' rights.

It is evident that we are the first court to pass upon the constitutionality of Rule 21(G) (2). The evidence clearly demonstrates that counsel for the defendant and the representative of the insurance company were well aware of Rule 21. It cannot be said that they had no notice of the consequences of their failing to appear as provided by Rule 21 (H) (2). As noted above, Rule 21 (H) (2) is a reasonable exercise of the power of the court to make local rules. Therefore, we find that a defendant, having notice of the court rules, yet failing to appear as provided, has waived his rights to a trial by jury and to participate in the hearing, and the court may proceed to determine the matter ex parte.

Since the court prematurely determined that the defendant was in violation of the rule, it was without authority to proceed under Rule 21 (G) (2).

Judgment reversed and remanded to Cuyahoga County Common Pleas Court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

SILBERT, C. J., and JACKSON, J., concur.