AMERICAN HOUSING CORPORATION, APPELLEE, *v.* RHOADES ET AL., APPELLANTS.

(No. 80AP-874—Decided March 31, 1981.)

*Messrs. Smith & Gunner, Mr. Stephen J. Smith* and *Mr. Michael McCarthy,* for appellee.

*Ms. Marcia L. Brehmer, Ms. Marcia E. Palof* and *Ms. Jean Kamp,* for appellants.

NORRIS, J. This matter is before us on the appeal of defendants-appellants, Bruce M. Rhoades and Terrie Rhoades, from an order of a judge of the Franklin County Municipal Court granting a default judgment to the plaintiff-appellee, American Housing Corporation, against defendants and dismissing defendants' counterclaim as the result of their failure to appear at a pretrial conference.

Plaintiff had sued defendants for a $9,991.71 balance allegedly due on a construction contract. Defendants by answer denied the indebtedness and counterclaimed for $9,500.

According to the statement of proceedings adopted by the trial judge, a previous pretrial conference was attended by counsel for both parties, a representative of plaintiff, and defendant Terrie Rhoades; defendant Bruce Rhoades was not present but his absence was excused by the court. A second pretrial conference was scheduled for September 18, 1980, and the plaintiff's attendance was excused at that conference due to its appearance at the first conference. Defendants' attendance was not excused by the court at the second conference.

Counsel for both parties were present at the second pretrial conference, but none of the clients attended. When the trial judge demanded defendants' pres-

ence, their counsel requested a continuance and plaintiff's counsel did not object to the request. Defendant Terrie Rhoades was aware of the time and date of the second pretrial conference. Defendants' counsel informed the trial judge that she had called the defendants and that they had said it would take them at least thirty minutes to reach the courthouse from their home. The court then ordered the default judgment and the dismissal of defendants' counterclaim.

Defendants raise three assignments of error:

"I. A trial judge does not have the authority under local rule 6.01 of the Franklin County Municipal Court to dismiss a complaint or issue a default judgment based solely on the absence of a party from pre-trial proceedings.

"II. The issuance of a default judgment against appellants and the dismissal of appellants' counterclaims based solely on their failure to appear at the September 18, 1980 pre-trial was an abuse of discretion by the trial court based on the facts of this case.

"III. The issuance of a default judgment against defendants and the dismissal of defendants' counterclaims for failure to appear at the pre-trial, while completely excusing the absence of plaintiffs at the pre-trial, had no rational basis and, therefore, denied defendants equal protection of the law under the Fourteenth Amendment of the United States Constitution."

The assignments of error are interrelated and will be discussed together; the question before us is whether the trial court abused its discretion in imposing sanctions against defendants for their non-attendance at the pretrial conference.

Local Rule 6.01 of the Franklin County Municipal Court reads, in pertinent part, as follows:

"It shall be the duty of counsel to do the following at the pretrial hearing and failure to be prepared may result in dismissal of the case for want of prosecution or in a default judgment or such other action to enforce compliance as the trial judge deems appropriate.

"'* * *

"2. All parties in interest must be present at the pretrial unless such presence is excused by the trial judge."

There is no question that trial courts have authority to impose sanctions where the actions of a party operate to thwart the judicial process. But justice requires that where a range of sanctions is available, the most drastic sanctions must be reserved for flagrant cases. See *Ward* v. *Hester* (1973), 36 Ohio St. 2d 38 [65 O.O.2d 181], certiorari denied *sub nom. Continental Casualty Co.* v. *Ward* (1974), 415 U.S. 984.

If circumstances existed which warranted the severe sanction imposed, their existence is not recounted in the record. For example, there is no demonstration that the defendants' presence was essential to a productive pretrial conference; nor is there any indication that the trial judge's schedule rendered unacceptable a delay to await defendants' arrival. A record hearing might have disclosed facts justifying the trial judge's action; but, on the basis of the record before us, we are compelled to find that the court abused its discretion in imposing sanctions.

While the circumstances revealed by the record warrant imposition of some sanction against defendants, there are not sufficient facts recited in the record to support so harsh and severe a sanction as the one imposed. The record would support a less harsh sanction, such as an order to pay the attorney's fees of plaintiff as compensation for counsel appearing at a fruitless pretrial conference.

There are several options available to the trial judge upon remand. For example, he might elect to impose a lesser sanction, as warranted by the record; or, he might choose to conduct a hearing to determine the proper sanction under all the circumstances.

Appellants' assignments of error are sustained; the judgment of the trial court is reversed; and, the cause is remanded for further proceedings in accordance with law and consistent with this opinion.

*Judgment reversed and cause remanded.*

MCCORMAC and MOYER, JJ., concur.