OPINION
This is an appeal from a judgment entered by the court of common pleas on a report and award of an arbitration board.
On March 12, 1996, Plaintiff-Appellant, Nina Maria Burnett, commenced this action alleging sexual harassment, race discrimination, sex discrimination, and wrongful discharge from employment by Defendants-Appellees, Rite-Way Services of San Antonio, Inc., Craig Klepach, and Oscar E. Blair. Responsive pleadings and motions were subsequently filed.
The case was assigned for hearing by an arbitration panel pursuant to Greene Loc.R. 11.02. The arbitration board filed its report and award on January 11, 1999, entering a judgment for the Defendants on all claims for relief alleged.
On February 10, 1999, Plaintiff Burnett filed her ExceptionsTo The Arbitrators' Report and Award. Defendants filed a motion and memorandum contra, arguing that the Exceptions should be dismissed for failure to include an affidavit that they were not being taken for delay, as Greene Loc.R.11.17 requires. Thereafter, on March 4, 1999, Plaintiff Burnett filed an AmendedExceptions To The Arbitrators' Report and Award containing the required affidavit.
On March 10, 1999, the court entered judgment for the Defendants on the report and award. The court rejected the Exceptions that were filed on February 10, 1999 for failure to contain the required affidavit. The court rejected the Amended Exceptions that were filed on March 4, 1999 because they were not filed within thirty days after the report and award, as Greene Loc.R. 11.17 also requires., Plaintiff Burnett filed a timely notice of appeal. She presents a single assignment of error, which states:
 IT IS ERROR FOR THE TRIAL COURT TO ENTER JUDGMENT FOR DEFENDANT BASED SOLELY ON PLAINTIFF'S FAILURE TO INCLUDE A VERIFICATION THAT HER EXCEPTIONS TO THE REPORT AND AWARD OF THE ARBITRATION PANEL ARE NOT BEING TAKEN FOR DELAY WHERE THERE IS NOTHING TO DELAY.
Burnett argues that the affidavit requirement of Greene Loc.R. 11.17 should not apply to her because the report and award imposed no obligations on her to perform an act, so there is nothing which she can or may delay by filing exceptions to the report and award.
Greene Loc.R. 11.01, et seq., was adopted pursuant to S.Ct.Sup.R. 15, which provides that appeals from and exceptions to the report and award of an arbitration panel must be filed within thirty days thereafter. A notice of appeal must be "accompanied by an affidavit that the appeal is not being taken for delay."Id. No similar requirement is imposed on exceptions to the panel's decision by S.Ct.Sup.R.15.
We have previously criticized Greene Loc.R.11 for blurring the distinction between appeals and exceptions which S.Ct.Sup.R.15 sets up. Cunningham v. Hess (May 28, 1999), Greene App. No. 98CA92, unreported. We further stated that until the ambiguities of the local rule are corrected, "we have no alternative but to construe the rule most strongly in favor of preserving the right of appeal for which S.Ct.Sup.R. 15 provides." Id. at p. 9.
S.Ct.Sup.R.15 requires that both a notice of appeal from a report and award of an arbitration panel and exceptions to the panel's decision alleging misconduct or corruption must be filed within thirty days after the report and award is filed. Therefore, the similar requirement imposed by Greene Loc.R. 11.17 with respect to exceptions alone is enforceable. The trial court did not err, therefore, when it rejected the Amended Exceptions
that were filed on March 4, 1999, more than thirty days after the report and award.
S.Ct.Sup.R. 15 states that arbitration plans adopted by local courts "shall contain" the "basic principles" set out in the Rule. S.Ct.Sup.R. 15 imposes no affidavit requirement on exceptions to the decision of the arbitration panel, as Greene Loc.R.11.17 does. However, "[c]ourts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with rules promulgated by the supreme court." Article IV, Section5(B), Ohio Constitution.
 A local rule of court is not "inconsistent with" a rule promulgated by the Supreme Court if the provisions of the local rule are but additional to the Supreme Court rule. Vorisek v. Village of North Randall (1980), 64 Ohio St.2d 62. If the local rule contradicts the rule of the Supreme Court the local rule is inconsistent with it. The two must be in accord or harmony. See, Repp v. Horton (1974), 44 Ohio App.2d 63."
State v. Lambert (March 16, 1993), Montgomery App. No. 13483, unreported, at p. 3, reversed on other grounds State v. Lambert
(1994), 69 Ohio St.3d 356.
The affidavit requirement that Greene Loc.R. 11.17 imposes when an exception to the arbitration panel's decision is filed, is in addition to, but does not contradict, S.Ct.Sup.R.15. Therefore, the trial court was authorized to reject the Exceptions that Plaintiff Burnett filed on February 10, 1999, for failure to contain the affidavit that Greene Loc.R. 11.17 requires.
Having said all that, we return to Plaintiff-Appellant's argument that the affidavit requirement should not apply to her because "there is nothing to delay" with respect to the exceptions that she filed. Even treating her filing as exceptions rather than an appeal, we do not agree.
When a defending party prevails against a claim for relief, the resulting relief from potential liability is a benefit that the defending party realizes. Exceptions filed pursuant to Greene Loc.R 11.17 denies the defending party a prompt realization of that benefit. Therefore, the affidavit requirement reasonably applies to an unsuccessful plaintiff as well as it does to a defendant against whom a judgment is entered. Indeed, the affidavit requirement in S.Ct.Sup.R.15 applies to both in the case of appeals by either, presumably for the same reason.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J. and KOEHLER, J., concur.
(Hon. Richard Norman Koehler, Retired from the Court of Appeals, Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
Copies mailed to:
Don Brezine, Esq.
David M. Duwel, Esq.
Hon. M. David Reid