FENIKILE et al., Appellees,

v.

POWELL, Appellant.

[Cite as *Fenikile v. Powell*, 190 Ohio App.3d 452, 2010-Ohio-5644.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–10–1080.

Decided Nov. 19, 2010.

Dennis M. Keil, for appellees.

Michael J. Tyminski, for appellant.

---

Cosme, Judge.

{¶ 1} Appellant, Jacqueline Powell, appeals from the judgment of the Lucas County Common Pleas Court granting default judgment to appellees, Tesfaye Fenikile and Lucia Fenikile. Appellant alleges that the trial court abused its discretion in striking her answer as a sanction for her insurance carrier's alleged failure to comply with the pretrial notice requiring the presence of the "assigned" adjuster at the settlement pretrial.

{¶ 2} We conclude that the trial court abused its discretion in striking appellant's answer. There is no evidence in the record that the adjuster present at the settlement pretrial did not satisfy the purpose underlying the trial court's requirement that the "assigned" adjuster be present. There was no evidence that the adjuster present did not have full settlement authority and was not sufficiently familiar with the case to permit the parties to move forward with settlement discussion.

{¶ 3} Additionally, absent a record to support the sanction, the trial court abused its discretion in imposing so harsh and severe a sanction as the one imposed.

{¶ 4} Accordingly, we reverse the judgment and remand the cause.

## I. BACKGROUND

{¶ 5} Appellees filed a complaint against appellant for injuries they sustained in an automobile accident in which appellant's vehicle struck appellees' vehicle. Appellant had a policy of insurance with Allstate Insurance Company ("Allstate"). Appellant timely filed her answer.

{¶ 6} An initial pretrial was held on April 24, 2009, during which a settlement pretrial was scheduled for November 6, 2009. The court's May 4, 2009 pretrial

order provided: "Settlement Pretrial with all Trial Counsel Present: 11/6/09 w/clients & the insurance adjuster who is assigned to the case shall be present."

{¶ 7} The parties agree that Jimilee L. Hoover had been the Allstate adjuster assigned to the case but that Claudia Winfrey, a retired Allstate adjuster, appeared on behalf of Allstate at the November 6, 2009 settlement pretrial. Hoover works at the Allstate branch office in Hudson, Ohio. Winfrey was previously employed at Allstate's former Toledo office. The trial court determined that Winfrey had no knowledge of the case and thus, meaningful settlement discussion could not take place. As a result of Allstate's failure to send the "assigned" adjuster to the settlement pretrial, the trial court held appellant in contempt of its May 4, 2009 order and ordered that appellant's answer be stricken, resulting in a default judgment, and scheduled the matter for a hearing on damages.

{¶ 8} Appellant's motion for reconsideration included an affidavit from Winfrey, who claimed that she was "designated" by Allstate as its representative in this case and that she had full authority to settle this matter. The trial court denied the motion for reconsideration, specifically noting that "Winfrey is a former adjuster for Allstate who appears at all final pretrials. She is neither the 'adjuster assigned to the case' or an employee of Allstate. On former occasions, she is not knowledgeable about the case, the medicals or the status of negotiations. It was indicated that one, Jimilee L. Hoover, an Allstate adjuster, had done everything regarding the case up to the final pretrial."

{¶ 9} The trial court further added, "This ploy by the insurance company is an attempt to thwart the purpose and intent of the language of the pretrial order and to avoid having the adjuster appear, in this case, from Hudson, Ohio."

{¶ 10} A damages hearing was held and the trial court awarded appellees $21,292.50 in damages.

{¶ 11} Appellant appeals, raising five assignments of error.

## II. PRETRIAL ORDER

{¶ 12} In her first assignment of error, appellant maintains:

{¶ 13} "The Trial Court erred when it held that Appellant–Defendant was in violation of the Court's Pretrial Order."

{¶ 14} Appellant claims that she was not in violation of the trial court's May 4, 2009 order, which required that the "assigned" adjuster appear for the settlement pretrial, because there was no intent to circumvent the court's order and because Winfrey, who was acting on behalf of Allstate, was a qualified adjuster with full authority to settle this matter.

{¶ 15} We agree that appellant was not in violation of the trial court's order. There is no record in this case that Winfrey did not satisfy the underlying purpose of the trial court's order. The trial court's order did not define "assigned" in its pretrial order so strictly that Allstate would not be able to change the assignment of the adjusters.

{¶ 16} The parties agree that Winfrey was an independent contractor representing Allstate in this matter. At issue is whether Winfrey's lack of involvement with the case prior to the settlement pretrial precludes her presence at pretrial.

{¶ 17} Civ.R. 16 governs the adoption of rules concerning pretrial procedure and provides that a court may adopt rules concerning pretrial procedure to accomplish "[t]he possibility of settlement of the action."

{¶ 18} Lucas County Common Pleas General Rule 5.06 is designed to facilitate settlement of the case and for preparation of the case if no settlement is reached. It reads:

{¶ 19} "The final pretrial conference shall consider *settlement of the case,* stipulations over admissibility of evidence, motions in limine and other matters which would eliminate unnecessary trial time." (Emphasis added.)

{¶ 20} The rule further provides, "The trial judge may issue a final pretrial order. * * * A judge may impose sanctions on attorneys, parties, or both, for failure to comply with any case management order. Sanctions may be monetary, nonmonetary, or both. No sanction shall be imposed without granting the offending party an opportunity to be heard, unless the conduct giving rise to the sanction amounts to a direct contempt."

{¶ 21} "[T]he purpose of the pretrial [is] to carry the negotiations forward by a discussion of the issues and the evidence in the hope of bringing about an agreeable settlement. * * * In this context it is not unreasonable to require that the parties be present who have full authority to negotiate and settle the claim[s]." *Repp v. Horton* (1974), 44 Ohio App.2d 63, 65–66, 73 O.O.2d 57, 335 N.E.2d 722. See Civ.R. 83 and *Meyer v. Brinsky* (1935), 129 Ohio St. 371, 2 O.O. 373, 195 N.E. 702.

{¶ 22} In this case, as in *Horton,* the purpose of the rule was to have present at the settlement pretrial the parties capable of negotiating and settling the matter. The pretrial order required not only those persons capable of negotiating and settling the matter, but also required that the insurance adjustor "assigned" to the case be present. The November 9, 2009 order striking appellant's answer makes clear the trial court's belief that productive settlement discussions could not be achieved without the presence of the insurance adjuster who had previously participated in the case.

{¶ 23} The court's order makes clear that it believed that Winfrey did not have sufficient knowledge of the case to enable meaningful settlement discussion. However, Winfrey's affidavit asserts that she had full authority from Allstate to negotiate and settle the case.

{¶ 24} The trial court failed to create a record that would show that Winfrey lacked the requisite understanding of the case necessary to permit meaningful discussion. The trial court assumed that because Winfrey had been unprepared to move forward in other cases, she was similarly unprepared in this case. But the court's assumption is not evidence. The trial court should have created a record documenting Winfrey's participation in settlement discussions. A record might have disclosed facts supporting the trial judge's action; but in this case, there is no record.

{¶ 25} Accordingly, appellant's first assignment of error is well taken. There is no evidence that Allstate did not comply with the intent of the pretrial order requiring that the "assigned" adjuster be present during the settlement pretrial. We now turn to appellant's second assignment of error.

### III. STRIKING THE ANSWER

{¶ 26} In her second assignment of error, appellant argues:

{¶ 27} "The Trial Court erred when it ordered Appellant–Defendant's Answer to be stricken from the record and rendered a default judgment against Appellant–Defendant."

{¶ 28} We agree.

{¶ 29} It has been held, "There is no question that trial courts have authority to impose sanctions where the actions of a party operate to thwart the judicial process. But justice requires that where a range of sanctions is available, the most drastic sanctions must be reserved for flagrant cases." *Am. Hous. Corp. v. Rhoades* (1981), 1 Ohio App.3d 130, 131, 1 OBR 437, 439 N.E.2d 946. See *Ward v. Hester* (1973), 36 Ohio St.2d 38, 65 O.O.2d 181, 303 N.E.2d 861. *Continental Cas. Co. v. Ward* (1974), 415 U.S. 984, 94 S.Ct. 1577, 39 L.Ed.2d 881.

{¶ 30} An appellate court will not reverse a trial court's determination on this issue absent an abuse of discretion. *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 31} The trial court's sanction of striking the answer resulted in a default judgment. It has been held that the granting of a default judgment is a harsh

remedy that should be imposed only when "the actions of the faulting party create a presumption of willfulness or bad faith." *Russo v. Goodyear Tire & Rubber Co.* (1987), 36 Ohio App.3d 175, 179, 521 N.E.2d 1116.

{¶ 32} Based on the absence of a record demonstrating that Winfrey lacked the requisite familiarity with the case or authority to permit productive settlement discussions, we hold that it was an abuse of discretion to strike appellant's answer. It cannot be presumed that appellant or Allstate acted willfully or in bad faith when Allstate designated Winfrey as its representative during the settlement pretrial.

{¶ 33} Accordingly, appellant's second assignment of error is well taken.

## IV. JURY TRIAL

{¶ 34} In her third assignment of error, appellant argues:

{¶ 35} "The Trial Court erred when it denied Appellant–Defendant's right to jury trial."

{¶ 36} Our disposition of appellant's second assignment of error renders this assignment of error moot. App.R. 12(A)(1)(c).

## V. SANCTIONS

{¶ 37} In her fourth assignment of error, appellant argues:

{¶ 38} "The Trial Court erred when it ordered Appellant–Defendant's Answer and entered a default judgment as other sanctions and penalties were more appropriate."

{¶ 39} Our disposition of appellant's second assignment of error renders this assignment of error moot. Id.

## VI. RECONSIDERATION

{¶ 40} In her fifth assignment of error, appellant argues:

{¶ 41} "The Trial Court erred when it denied Appellant–Defendant's Motion for Reconsideration."

{¶ 42} Our disposition of appellant's second assignment of error renders this assignment of error moot. Id.

## VII. CONCLUSION

{¶ 43} On consideration whereof, the court finds that substantial justice has not been done the party complaining. The judgment of the Lucas County Common

Pleas Court is reversed, and the cause is remanded for further proceedings. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

Osowik, P.J., and Singer, J., concur.