[Cite as *Deosaran v. Wood*, 2015-Ohio-5020.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

R. Veejay Deosaran                                      Court of Appeals No. L-15-1147

       Appellee                                      Trial Court No. CI0201501835

v.

Kevin A. Wood                                          **DECISION AND JUDGMENT**

       Appellant                                      Decided:  December 4, 2015

* * * * *

R. Veejay Deosaran, pro se.

Kevin A. Wood, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This accelerated appeal is before the court following a default judgment entered against appellant, Kevin A. Wood, for monetary damages.  Appellee, R. Veejay Deosaran, commenced this action on March 13, 2015.  Appellee claimed that appellant offered him a partnership opportunity in an office cleaning business but that after he invested in all the materials and transportation and invested approximately 90 hours of

labor, he discovered that appellant had entered into the franchise solely. Appellee claimed that appellant failed to repay him for his outlay and wages earned in an amount totaling $5,840.

{¶ 2} Appellant, pro se, filed his answer on April 7, 2015. On April 15, 2015, appellee moved to strike the answer alleging that it did not conform to the Ohio Rules of Civil Procedure. Specifically, appellee claimed that the answer did not contain the proper notice of service and that it contained "immaterial, impertinent, and scandalous" allegations. The court set the matter for a pretrial on April 29, 2015. The notice provided: "Plaintiff and Defendant shall be personally present. Failure to appear shall result in imposition of all applicable sanctions as allowed under Ohio Law."

{¶ 3} Appellant failed to appear at the April 29, 2015 pretrial and as a sanction appellee's motion to strike was granted. Thereafter, appellee orally moved for judgment and a hearing was held. The court then entered judgment in appellee's favor in the amount of $4,763.58 plus interest and costs; the judgment was journalized on April 30, 2015.

{¶ 4} On May 18, 2015, appellant filed a motion for relief from judgment. In the motion, appellant claimed that he did not receive the notice of the April 29, 2015 pretrial. Appellant contended that he had defenses to appellee's allegations and that it would be unjust to prevent him from asserting them in court. Appellant claimed a lack of knowledge about the legal system and the inability to obtain legal counsel. Appellee opposed the motion questioning the veracity of appellant's statement that he did not

2.

receive the pretrial notice. Appellee also questioned appellant's statement that he had defenses while failing to delineate the nature of the defenses.

{¶ 5} While the 60(B) motion was pending, appellant, pro se, commenced the instant appeal. Appellant now raises the following "assignment of error."

> This is an appeal in equity; not on points of law wherein error may be assigned.

{¶ 6} As in the trial court, appellant argues that it would not be equitable to deny him the opportunity to present counterclaims and defenses to appellee's complaint. In support, appellant attached an affidavit to his brief which was not filed in the trial court. We note that our review of this matter is limited to the record from the trial court. This court cannot "cannot consider exhibits, affidavits, or 'other matters attached for the first time to an appellate brief which were not properly certified as part of the trial court's original record and submitted to the court of appeals.'" *State v. Pingor*, 10th Dist. Franklin No. 01AP-30, 2001 WL 1463773, *7 (Nov. 20, 2001), quoting *Isbell v. Kaiser Found. Health Plan*, 85 Ohio App.3d 313, 318, 619 N.E.2d 1055 (8th Dist.1993).

{¶ 7} We now turn to appellant's argument that the default judgment should be vacated. "[T]rial courts have authority to impose sanctions where the actions of a party operate to thwart the judicial process. But justice requires that where a range of sanctions is available, the most drastic sanctions must be reserved for flagrant cases." *Am. Hous. Corp. v. Rhoades*, 1 Ohio App.3d 130, 131, 439 N.E.2d 946 (10th Dist.1981); *Fenikile v. Powell*, 190 Ohio App.3d 452, 2010-Ohio-5644, 942 N.E.2d 433, ¶ 29 (6th Dist.).

3.

**{¶ 8}** Further, Loc.R. 5.06 (F) of the Lucas County Court of Common Pleas provides:

A judge may impose sanctions on attorneys, parties, or both, for failure to comply with any case management order. Sanctions may be monetary, non-monetary, or both. No sanction shall be imposed without granting the offending party an opportunity to be heard, unless the conduct giving rise to the sanction amounts to a direct contempt.

**{¶ 9}** Default judgment is available under Civ.R. 55(A) which provides, in part:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

**{¶ 10}** We first note that appellee did not file a motion for default judgment; rather, he filed a motion to strike appellant's answer arguing that it failed to comply with the civil rules regarding service. As a sanction for failing to appear at the mandatory pretrial, appellee's motion to strike was granted. Appellee then orally moved for default judgment and the court, after hearing argument, granted the motion. We do not have a transcript of the proceeding.

4.

{¶ 11} In a similar action, an appellate court determined that it was error to grant a party's Civ.R. 55 motion where the defaulting party was not served with the seven-day notice as required under Civ.R. 55(A). *Plant Equip., Inc. v. Nationwide Control Service, Inc.*, 155 Ohio App.3d 46, 2003-Ohio-5395, 798 N.E.2d 1202 (1st Dist.). In *Plant Equip.*, the plaintiff filed a motion to strike the defendant's answer; the motion was granted. Thereafter, the plaintiff filed a motion for default judgment which was granted within three days. *Id.* at ¶ 4. The defendant's Civ.R. 60(B) motion for relief was denied. Reversing the trial court, the court noted that the defendant's filing of an answer, though stricken, was an appearance which triggered the seven-day notice requirement under Civ.R. 55. *Id.* at ¶ 8. *Accord Fanelli v. Elsass*, 10th Dist. Franklin No. 12AP-552, 2013-Ohio-291.

{¶ 12} In addition to the above cases, this court has determined that a trial court's award of default judgment without authority was a procedural defect that caused "substantial and material prejudice" to the party, and "constituted plain error." *Amiri v. Thropp*, 80 Ohio App.3d 44, 51-52, 608 N.E.2d 824 (6th Dist.1992). Accordingly, because appellant "appeared" in the action by filing a document captioned an answer, the court could not summarily dismiss the action pursuant to appellee's motion and was required to provide notice and a hearing. Appellant's assignment of error is well-taken.

{¶ 13} On consideration whereof, we find that appellant was prejudiced from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas

5.

is reversed and the default judgment is vacated. The matter is remanded for further proceedings. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                     _____
                                                  JUDGE

Arlene Singer, J.

                                            _____
Stephen A. Yarbrough , P.J.                       JUDGE
CONCUR.

                                            _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.