OPINION
Defendant-appellant Daniel T. Todt appeals the September 2, 1998 Judgment Entry of the Stark County Court of Common Pleas awarding judgment against him and in favor of plaintiff-appellee Mark Martin in the amount of $609,000, as well as the trial court's September 14, 1998 Judgment Entry Nunc Pro Tunc setting forth the findings of fact and conclusions of law relative to the judgment.
 STATEMENT OF THE FACTS AND CASE
On June 16, 1998, appellee filed a complaint against appellant alleging legal malpractice and legal negligence. The Stark County Clerk of Courts sent appellant a copy of the complaint via certified mail with return receipt service. The record reflects appellant was served with the complaint on June 22, 1998. On July 13, 1998, appellant filed a Motion for Definite Statement. Via Judgment Entry dated July 16, 1998, the trial court granted appellant's motion and ordered appellee to provide a more definite statement within ten days of the date of the entry.[1]
On July 17, 1998, the trial court issued a judgment entry and an assignment notice. In the judgment entry, the trial court found a telephone status conference was not necessary and advised the parties, the enclosed assignment notice would control all the dates in the case. The assignment notice provided:
 THIS NOTICE IS TO ADVISE YOU THAT THE ABOVE-CAPTIONED CASE HAS BEEN SET FOR JURY TRIAL BEFORE THE HONORABLE LEE SINCLAIR ON JANUARY 4, 1999 AT 8:30 A.M. ON A STANDBY BASIS FOR THE ENTIRE WEEK.
* * *
 A FINAL PRETRIAL HAS BEEN SET FOR DECEMBER 15, 1998 AT 8:30 A.M. * * *
 An INITIAL PRETRIAL SHALL BE HELD ON SEPTEMBER 1, 1998 AT 8:40 A.M. * * *
 NOTE: FAILURE TO APPEAR AT ANY PRETRIAL CONFERENCE OR HEARING MAY RESULT IN AN ADVERSE JUDGMENT BEING ENTERED AGAINST THE PARTY NOT APPEARING OR IN DEFAULT JUDGMENT BEING RENDERED WHEREVER APPROPRIATE.
 ALL PARTIES ARE REMINDED THAT THE FOLLOWING STARK COUNTY COMMON PLEAS LOCAL COURT RULES ARE ADOPTED HEREIN AS PART OF THIS ORDER:
* * *
 RULE 13.05 IN THE EVENT THAT NEITHER THE DEFENDANT NOR COUNSEL APPEARS FOR SUCH PRETRIAL CONFERENCE, THE COURT, AT PLAINTIFF'S REQUEST, MAY HEAR EVIDENCE AND DECIDE A CASE TRIABLE TO THE COURT, OR IF IT BE A CASE TRIABLE TO A JURY, IT MAY ACCEPT PLAINTIFF'S WAIVER OF TRIAL BY JURY, HEAR EVIDENCE AND DECIDE THE CASE.
* * *
The judgment entry and the assignment notice were sent separately to appellant via certified mail with return receipt service. The record reflects appellant was served with both documents on July 22, 1998.
On July 31, 1998, appellant filed a Motion to Strike or Motion to Dismiss requesting the trial court strike appellee's complaint and dismiss the case with prejudice due to appellee's failure to comply with the trial court's July 16, 1998 Order requiring appellee to file a more definite statement by July 26, 1998. On August 10, 1998, appellee filed a Motion for LeaveInstanter to File More Definite Statement. Via Judgment Entry dated August 10, 1998, the trial court granted appellee leave and denied as moot appellant's motion to dismiss. The judgment entry reflects a "c.c." to appellant. Appellee filed his More Definite Statement on the same day. The proofs of service on the More Definite Statement and the Motion for Leave indicate copies were sent to appellant by ordinary U.S. mail on August 7, 1998, and August 6, 1998, respectively.
Appellant failed to appear at the initial pretrial on September 1, 1998. After waiting approximately 1 1/2 hours, the trial court proceeded with a hearing on the merits pursuant to Local Rule 13.05. The only witness presented on appellee's behalf was appellee himself. After hearing appellee's testimony, the trial court made the following findings on the record:
 The Court reviewed this matter. The Court would find, first of all, that the Defendant is in default pursuant to the local court rules. He has not appeared. The Court would also find that there was an attorney/client relationship. The Defendant breached that relationship by committing legal malpractice and legal negligence. As a direct and proximate result of that negligence the Plaintiff has been injured. Those injuries amount to the various items that have been testified here today.
 The Court would find that the present value of those injuries as the Court has calculated them would be in the amount of $609,000, and the Court will grant judgment to the Plaintiff against the Defendant in the amount of $609,000 plus costs, plus prejudgment interest which will run * * * [f]rom August 1, 1997, onward at the legal rate of interest.
Transcript of Damage Hearing at 20.
Via Judgment Entry dated September 2, 1998, the trial court awarded judgment against appellant in the amount of $609,000, plus costs and prejudgment interest. A copy of the judgment entry was sent to appellant via certified mail with return receipt service. The record reflects appellant received the entry on September 7, 1998. On September 9, 1998, appellant filed a Motion to Clarify the Record and Request for Service of Orders and Documents, which the trial court summarily denied. Via Judgment Entry Nunc Pro Tunc dated September 14, 1998, the trial court issued its findings of fact and conclusions of law relative to its judgment against appellant in favor of appellee.
Appellant filed a Notice of Appeal on September 29, 1998, at 11:25 a.m. On the same morning at 11:28 a.m., appellant filed a Motion to Alter or Amend Default Judgment; JUDGEMENT . . . NUNC PRO TUNC; and of denial from "Motion to Clarify the Record and Request for Service of Orders and Documents"; For Relief From Judgement [sic] or Orders; Request for Rule 16 Conference. To the motion, appellant attached his own affidavit and the affidavit of Rebecca L. Todt, an attorney in his office. In his affidavit, appellant states, although he received the trial court's July 17, 1998 Order informing the parties the trial court had set dates in the matter, no dates were set forth in said Order. Additionally, appellant asserts he has never been served with the more definite statement. In her affidavit, Rebecca Todt describes the efforts she undertook to ascertain the pretrial and trial dates in the matter. Her affidavit corroborates appellant's assertion he has never been served with the more definite statement. Via Judgment Entry dated October 1, 1998, the trial court advised the parties it had been divested of jurisdiction as a result of appellant's filing his notice of appeal and would rule on any pending motions upon the conclusion of the appeal.
Appellant raises the following assignments of error:
 I. IT IS REVERSIBLE ERROR FOR A DEFAULT JUDGMENT TO BE ENTERED AGAINST A PARTY BECAUSE OF CLAIMED FAILURE TO APPEAR AT A PRETRIAL, WHEN THE PARTY HAS ENTERED AN APPEARANCE OR OTHERWISE PLED IN THE CASE, [UNLESS THE COMMON PLEAS COURT OF STARK COUNTY HAS THE ABILITY TO OVERRULE THE UNITED STATES SUPREME COURT].
 II. IT IS REVERSIBLE ERROR FOR JUDGMENT TO BE ENTERED AGAINST A PARTY REGARDING A COMPLAINT WHEN THE RECORD IS VOID OF ANY EVIDENCE THAT THE PARTY WHOM JUDGMENT WAS ENTERED AGAINST WAS SERVED WITH THE COMPLAINT IN ISSUE, SUCH THAT THE JUDGMENT IS VOID AND/OR VOIDABLE.
 III. IT IS AN ERROR WHEN A JUDGMENT FOR A PARTY DOES NOT STATE WHETHER IT IS FOR DEBT, DAMAGES OR COSTS, SUCH THAT IT IS VOID FOR UNCERTAINTY.
 IV. IT IS AN ERROR WHEN LOCAL RULES REQUIRE THAT COUNSEL FOR THE PREVAILING PARTY FIRST SERVE THE ADVERSE PARTY WITH THE PROPOSED ENTRY, AND THE PREVAILING PARTY FAILS TO DO SUCH, SUCH THAT THE FAILURE TO DO SUCH IS GROUNDS FOR REVERSAL.
 V. IT IS A REVERSIBLE ERROR FOR A COMMON PLEAS COURT TO ENTER A DEFAULT JUDGMENT AND/OR ANY JUDGMENT FOR MALPRACTICE AGAINST AN ATTORNEY WHEN NO EXPERT TESTIMONY IS PRESENTED REGARDING THE STANDARD OF CARE, OR THE LIKELY HOOD THAT BUT FOR THE CLAIMED MALPRACTICE PLAINTIFF WOULD NOT HAVE BEEN DAMAGED TO ESTABLISH THE STANDARD OF CARE REQUIRED BY AN ATTORNEY, AND THAT THE PLAINTIFF WOULD HAVE PREVAILED BUT FOR THE MALPRACTICE OF THE DEFENDANT.
 VI. IT IS A REVERSIBLE ERROR FOR PLAINTIFF TO PREVAIL WHEN PLAINTIFF'S CLAIMS ARE A FRAUD UPON THE COURT AND THE DEFENDANT, SUCH THAT HE HAS PRESENTED A CLAIM THAT HE KNOWS HAS NO BASIS IN LAW OR FACT IN THAT HE HAS NO DAMAGES ATTRIBUTABLE TO THE DEFENDANT.
 I
In his first assignment of error, appellant maintains the trial court erred in entering default judgment against him as a result of his failure to appear at the September 1, 1998 pretrial. Appellant predicates his argument upon a single reference made by the trial court at the hearing, in which it stated the assignment notice "recites specifically Rule 1305 [sic] of the Stark County Local Court Rules which indicates [appellant] would be found in default if [he] did not appear".
It is axiomatic in Ohio a court speaks only through its journal. State ex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117.
The trial court's reference to default is inapposite to the September 2, 1998 Judgment Entry and September 14, 1998 Judgment Entry Nunc Pro Tunc. In its September 2, 1998 Judgment Entry, the trial court found appellant had failed to appear at the scheduled pretrial and appellee waived his jury demand. Thereafter, the court took evidence in the matter and, after hearing the evidence, awarded judgment against appellant. The entry does not make any reference to default judgment or appellant's being in default. Likewise, in its September 14, 1998 Judgment Entry Nunc Pro Tunc, the trial court noted appellant "failed to appear at the September 1, 1998 pretrial in violation of Local Rule 13.05 and in direct contravention of this Court's July 17, 1998 Order, that the penalties for such violation are spelled out in both the Local Rules and this Court's July 17, 1998 order". This entry also does not make any reference to default judgment or appellant's being in default. Based upon the plain language of the judgment entries, we find the trial court did not enter default judgment against appellant, but rather entered final judgment after an ex parte
trial.
Local Rule 13.05 of the Court of Common Pleas of Stark County, General Division, provides:
 RULE 13.05 IN THE EVENT THAT NEITHER THE DEFENDANT NOR COUNSEL APPEARS FOR SUCH PRETRIAL CONFERENCE, THE COURT, AT PLAINTIFF'S REQUEST, MAY HEAR EVIDENCE AND DECIDE A CASE TRIABLE TO THE COURT, OR IF IT BE A CASE TRIABLE TO A JURY, IT MAY ACCEPT PLAINTIFF'S WAIVER OF TRIAL BY JURY, HEAR EVIDENCE AND DECIDE THE CASE.
This Court has previously recognized the necessity which created the pretrial rules encompassed in the Stark County Local Rules. Wigley v. Fredmont Builders, Inc. (June 15, 1998), Stark App. No. 1997CA00440, unreported. The Common Pleas Court has the authority to make local rules which are reasonable. See, Civ. R. 83; Meyer v. Brinsky (1935), 129 Ohio St. 371. We find Local Rule 13.05 is a reasonable exercise of that power.
Based upon the foregoing reasons, appellant's first assignment is overruled.
 II
In his second assignment of error, appellant claims the trial court erred in entering judgment against him because the record is void of any evidence he was served with the complaint in issue.
As set forth in the Statement of the Facts and Case, supra, appellant was served with a copy of the original complaint on June 22, 1998. Additionally, the record reflects appellant was served with a copy of appellee's more definite statement. The proof of service attached to the more definite statement indicates appellee served a copy of said statement upon appellant by ordinary U.S. mail on August 7, 1998.
Appellant submits the judgment entered against him is void because he was not served with the more definite statement. Assuming, arguendo, appellee did not serve appellant with a copy of the more definite statement, contrary to his representation in the proof of service, such failure would not relieve appellant of his obligation to attend the September 1, 1998 pretrial. Furthermore, such failure would not preclude the trial court from proceeding with an ex parte trial pursuant to Local Rule 13.05.
As determined supra, the trial court did not enter default judgment against appellant, but rather entered judgment after conducting an ex parte trial. Thus, appellant's assertion the default judgment was void and/or voidable because he was never properly served with appellee's more definite statement is without merit.
Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant contends the trial court's judgment is void for uncertainty because the entry does not state whether the judgment is for debt, damages, or costs.
Upon our review of the trial court's September 2, 1998 Judgment Entry and September 14, 1998 Judgment Entry Nunc Pro Tunc, we find said entries are sufficient to constitute a legal judgment against appellant.
Appellant's third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant argues reversal of the judgment is warranted as a result of appellee's failure to serve him with the proposed judgment entry as required by Local Rule 18.01(A).
Because appellant failed to appear at the September 1, 1998 pretrial, and as a result of his nonappearance, the pretrial proceeded as an ex parte trial, we find no reversible error in the trial court's signing of appellee's proposed judgment entry despite the fact appellee did not submit the same to appellant.
Appellant's fourth assignment of error is overruled.
 V
In his fifth assignment of error, appellant asserts the trial court erred in entering a judgment against him for legal malpractice because appellee failed to present expert testimony regarding the standard of care.
Expert testimony is not necessary if "the claimed breach is within the ordinary knowledge and experience of laymen, or is so obvious that it may be determined as a matter of law." Georgeoffv. O'Brien (1995), 105 Ohio App.3d 373, 377. In his Complaint, appellee alleged appellant committed legal malpractice by failing to conduct discovery, failing to prepare the case, failing to seek production of key documents, and failing to notify appellee summary judgment was entered against him until after the expiration of the appeal time. We find the allegations of malpractice upon which appellee based his claims against appellant are within the ordinary knowledge and experience of laymen and, certainly, a trial court judge.
Furthermore, in Summerfield v. Ohio State Dental Bd. (Dec. 3, 1998), Licking App. No. 98CA00046, unreported, this Court noted a reviewing court must accord deference to a medical board's interpretation of the technical and ethical requirements of its profession because the board is composed of individuals equipped with the necessary knowledge and experience pertaining to their field. Similarly, we find a trial court judge is equipped with the necessary knowledge and experience pertaining to the field of law. Because appellee's claims are easily cognizable by a trial court judge and because a trial court judge has the necessary knowledge and experience, we find appellee was not required to present expert testimony to establish appellant breached the standard of the profession. The trial court did not err in entering judgment against appellant.
Appellant's fifth assignment of error is overruled.
 VI
In his final assignment of error, appellant submits appellee has committed a fraud upon the trial court and upon appellant because appellee's claims have no basis in law or fact, and appellee has not suffered any damages attributable to appellant.
Appellant's argument is dependent upon matters outside the record as it existed at the time the trial court entered judgment against him. After appellant filed his notice of appeal, he filed a motion to alter or amend with the trial court. The trial court properly found it did not have jurisdiction to consider the motion. Because this Court is limited to a review of the record as it existed at the time the two judgments from which appellant appeals were filed, we cannot consider any evidentiary material attached to appellant's motion to alter or amend.
Upon review of the record before this Court, we find no demonstration appellee committed fraud upon the trial court or appellant. Although appellant has raised these claims in the trial court requesting relief from judgment, such claims are not cognizable in this appeal.
Accordingly, appellant's sixth assignment of error is overruled.
The judgment entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J. and Farmer, J. concur.
Gwin, P.J. dissents.
______________________________
______________________________
 ______________________________ JUDGES
WBH/KM210
Stark County, Case No. 98-259
[1] Although the appearance docket reflects the filing of this judgment entry, the original is not included in the record transmitted to this Court.