BOGNAR, APPELLANT, *v.* THE CLEVELAND QUARRIES CO. ET AL.,
APPELLEES.

[Cite as Bognar v. Cleveland Quarries Co., 7 Ohio App. 2d 187.]

(No. 27441—Decided September 8, 1966.)

*Messrs. Kiefer, Waterworth, Hunter & Knecht,* for appel-
lant.
*Messrs. Arter, Hadden, Wykoff & Van Duzer,* for appellees.

*Per Curiam.* This is an appeal on questions of law from an
entry of dismissal for want of prosecution made by the Court
of Common Pleas of Cuyahoga County on April 26, 1965.

The action dismissed was one wherein the plaintiff, appel-
lant, as a shareholder of the common stock of appellee, The
Cleveland Quarries Company, of which appellee Cleveland
Quarries Company is a subsidiary, sought a mandatory injunc-
tion requiring said corporations and certain named officers
thereof to make the books and records of such corporations
available to appellant for inspection. The prayer of the original
petition and the amended petition is limited to relief by way
of mandatory injunction.

The issues having been joined, the action was set for a
pre-trial hearing on April 23, 1965, at 9:30 a. m. before the
Chief Justice of the Common Pleas Court and notice thereof
was published in the Legal News, the official court journal,
beginning on April 6, 1965, and subsequently on each business
day thereafter up to and including April 23, 1965. Twenty-
three other cases were set for pre-trial at the same time.

The notice of the pre-trial hearing provided in part:

"Mass Pre-trial. Should counsel and litigants for either
side fail to appear for mass pre-trial at the time scheduled, the

case shall be summarily dealt with through either dismissal or default proceedings.''

From the amended bill of exceptions we observe that when the pre-trial hearing began, neither the plaintiff nor his counsel were present. Following a phone call to plaintiff's counsel, advising them that the pre-trial was in progress, two members of counsel for plaintiff put in an appearance, at approximately 10:15 a. m. The plaintiff, a nonresident of the state of Ohio, was not present.

An officer of the defendants, together with counsel representing defendants, were present during the entire proceedings.

The attorneys for the parties then discussed the case with the Chief Justice's Assistant and advised him of their respective positions. It is to be noted that the Assistant to the Chief Justice is not a member of the bar. Counsel for the defendant stated that he would insist that the case be dismissed for failure of the plaintiff to appear for pre-trial. Counsel for the plaintiff indicated that he was not aware that the case had been set for pre-trial; that he understood that it was the court's duty to notify each party by telephone of hearings; that he did not believe that the presence of parties was required if they resided outside the state and that he did not believe it was necessary for plaintiff to be present since it did not appear to him that settlement could be accomplished in this case.

The Chief Justice was then advised as to the respective positions of the parties and of the request by the defendant for dismissal. The Chief Justice stated that the failure of the plaintiff to appear for pre-trial constituted a violation of the court rules and that unless the defendant would agree to a continuance of the pre-trial to a later date, he would dismiss the action.

There was then further discussion among the attorneys and with the Assistant to the Chief Justice. Defense counsel stated that he had reviewed the case with his client and that he was authorized to make a settlement offer based upon the value of plaintiff's shares. Plaintiff's counsel stated he had not discussed settlement with the plaintiff and, accordingly, was not authorized to discuss settlement in any way.

Defense counsel again indicated that he would not agree to a continuance and again insisted that the case be dismissed

for failure of the plaintiff to appear in accordance with the court's rules. The Assistant to the Chief Justice stated that in accordance with ruling of the Chief Justice that the case would be dismissed for want of prosecution and that plaintiff could refile his action within one year.

Thereafter, on April 23, 1965, the following journal entry was made in the within cause:

"Plaintiff having failed to proceed in this action, the same is hereby dismissed for want of prosecution at plaintiff's costs for which judgment is rendered."

Thereafter the journal entry was duly spread upon the journal of the court. It is from this order the appeal lies.

Plaintiff's assignments of error are as follows:

1. The conducting of hearings denoted "Mass Pre-Trials" is contrary to law and a prejudicial entry of dismissal made at such hearing is reversible error.

2. The dismissal of a civil action for want of prosecution because of the failure of a nonresident litigant to appear at mass pre-trial hearing where such litigant is represented at the hearing by attorneys of record in the case is an abuse of discretion, is unreasonable, and contrary to law.

The first assignment of error attacks the concept of mass pre-trial as it is used in the Court of Common Pleas and asserts that there is no legal authority for its use anywhere in the Constitution, Statutes of Ohio or in the Rules of Court.

There is nothing in the bill of exceptions before this court which describes in any manner how mass pre-trials are conducted, except that the record indicates that the notice published indicated an assignment of 23 diverse and unrelated cases for appearance before the court for mass pre-trial.

It is a matter of common knowledge that we draw on for the purpose of discussing the problem presented. The lawyers and the litigants summoned congregate in the court room of the Chief Justice. They are addressed collectively by the Chief Justice, the subject of such discourse is not a matter of record. After such statement, counsel are requested to meet in the lobby adjoining the court room to discuss the possibility of a settlement of the litigation.

After the conference of counsel, joined in at times by the litigants who have listened to the discourse of the Chief Justice,

if the attorneys and parties are able to reach an agreement that results in the settlement of the case, the attorneys report to the Assistant to the Chief Justice, who, then puts on a journal entry, reflecting the agreement of the lawyers and their litigant clients.

We presume from the experience indicated by this record that if any problem is encountered by the attorneys or litigants in any of their cases, that cannot be or are not resolved by the Assistant to the Chief Justice, such cases are referred back to the attention of the Chief Justice as was done in this case.

Again as a matter of judicial notice we are sure that there is no dispute that the Chief Justice of the Court of Common Pleas is gravely concerned by the condition of the docket of the court and is desirous of adopting measures that will in the operation of the court reduce the backlog of cases awaiting trial. For this attitude the Chief Justice must be commended and if the procedures adopted by him are consistent with the law and in keeping with the rules of court, they should be accorded the sanction of the reviewing courts.

It is contended by the plaintiff, appellant herein, that pre-trial procedure in the Common Pleas Court is governed by Chapter 2311 of the Revised Code. The plaintiff says that in none of the sections contained therein is mention made of a hearing to be designated as a mass pre-trial. He points out that the Common Pleas Judges of Cuyahoga County adopted Rule 21, intended to govern pre-trial in said court, but nothing therein mentioned has ever referred to or sanctioned mass pretrial.

Some years ago all the Judges of the Common Pleas Court of Cuyahoga County in the interest of expediting the work of the court, adopted Rule 21 (c) with respect to pre-trials. Rule 21 (c) provides:

"The spirit and purpose of pre-trials is hereby declared to be the enlargement of justice by consent and the reduction of need for justice by command. Accordingly, pre-trials shall employ the conference method, with sufficient time allotted to accomplish the following objects:

(1) A full and frank discussion of the issues looking to the maximum narrowing of any controversy dividing the parties;

(2) Written stipulations concerning pleadings, evidence, exhibits, examinations and issues and procedures of trial;

(3) Complete exploration of the possibilities of terminating the litigation; and

(4) Such other matters as may aid in the furtherance of justice and the disposition of the case.''

Rule 21 (d) provides:

''Once a case is assigned for pre-trial and thereafter until such case is actually assigned for trial, the pre-trial judge shall consider and determine all intermediate matters including but not limited to the filing and propriety of motions and pleadings and the use of discovery procedures, except as otherwise specified by the Chief Justice.''

If the pre-trial system designed by the judges of the Court of Common Pleas is the rule of court, how does it square with the rule or procedure devised by the Chief Justice, regardless of his salutary motives. It just does not. It is clear to us that the method used by the Chief Justice does not allow for the Chief Justice to participate to any extent in a discussion of any individual case to achieve the objectives of the pre-trial rule, 21 (c), but merely sets the stage for a general discourse of the Chief Justice to lawyers and litigants alike. It is clear that the Chief Justice under this system is not in a position to focus his attention upon each individual case as the rule 21 (c) contemplates.

It is clear to us that the vast number of cases pending in the Court of Common Pleas are cases involving actions for money only stemming from an infinity of claims sounding in tort, and many other types of causes of action that have for their ultimate goals a recovery of money damages. We can likewise declare that it is clear that the type of procedure designed by the Chief Justice may be wholly proper and beneficial to the operation of the court. It seems to us that a rule of court designed to envisage procedure such as designed by the Chief Justice might well serve the interests of the court.

But until the Court of Common Pleas by action of its judges revises its rules, or abandons the existing rule, the Chief Justice, with all due respect to his motives, may not ignore or disregard the Rule 21 which the judges have adopted. A very

interesting facet involved in this case which emphasizes the statement just made is the departure of the Chief Justice from the guide adopted by the court as found in Rule 21 (c).

The bill of exceptions shows that the Chief Justice interpreted the rule to mean that if the plaintiff failed to appear for the scheduled pre-trial that would constitute a violation of the court rule and result in a dismissal unless the defendant would agree to a continuance which the defendant refused. Rule 21 contains no such provision.

Rule 21 (e) referring to the authority of the pre-trial judge states:

"He shall also have authority to dismiss a case or take other appropriate action under this rule

if either party )
) *and their respective counsel*
or all of the parties)

fail to appear at a duly publicized pre-trial hearing." (Emphasis supplied.)

It is conceded that plaintiff, a nonresident of the state, was not present. At the beginning of the hearing, counsel for plaintiff were not present, but immediately following a phone call from the court, counsel for plaintiff tardily made an appearance at the pre-trial proceedings, made their position known to the court and requested a continuance.

From the record it is clear that plaintiff's absence at this hearing was not due to any wilful act on his part, nor did the action of counsel indicate in any manner that the case would not be prosecuted. If anything, plaintiff probably was not in court at the time because counsel did not notify him of the hearing, due to counsel's belief that if plaintiff was not a resident of the state his presence was not required, and also, because of the nature of the case, considering the relief sought by plaintiff, a settlement could not have been anticipated.

The record does not disclose whether the court made any inquiry as to the reason for plaintiff's absence, or whether plaintiff had been notified of the time of the hearing. As to the latter, we can only infer from plaintiff's counsel's statement that he was not. Counsel's belief that plaintiff's presence was not required stems from a provision of paragraph (b) of Rule 21 which provides in part:

"A party unable to appear by reason of illness, injury, phy-

sical disability, residence outside the state or for other good cause shown may be excused from appearing by the pre-trial Judge.''

As to plaintiff's counsel's belief that a settlement of the case of this nature could not be accomplished may have been mistaken since the record discloses that defense counsel during the pre-trial indicated that the defense counsel was authorized to make a settlement offer. Whether there had been any negotiations between counsel prior to the date of this hearing, or whether prior to the instant hearing defendant's counsel had ever communicated to plaintiff's counsel any notion that there might be such an offer made, the record does not disclose.

Considering all the facts and circumstances as demonstrated by the bill of exceptions, we conclude and, therefore, hold that the dismissal of a civil action for want of prosecution because of the failure of a nonresident litigant to appear for pre-trial hearing, where such litigant is represented at the hearing by his attorneys of record and it appearing that the absence of such plaintiff was not due to any act of his own, and his counsel having made a timely request for a continuance to a later date is contrary to law as being inconsistent with both the spirit and the actual language of Rule 21 adopted by the Court of Common Pleas regulating pre-trial hearings, is prejudicial to the interests of the plaintiff and constitutes reversible error.

As to plaintiff's assignment of error No. 1, we do not feel that the conducting of hearings denoted mass pre-trials is contrary to law, but we do conclude and hold that a prejudicial entry of dismissal made at a mass pre-trial or at any pre-trial conducted pursuant to the present rule of court is reversible error.

The practice of conducting the so-called mass pre-trial has been in existence for an extended period of time. It is our position that if the judges of the Court of Common Pleas, by acquiescence in said practice, rather than by a revision of their rules, are content to permit the Chief Justice of said court to do so, it is not for this court to invalidate the practice, because we recognize the sound objectives of the Chief Justice in attempting to meet a difficult problem in his desire to expedite the movement of cases on the court's docket.

For the error indicated, the judgment of the Court of Com-

194

mon Pleas of April 23, 1965, is reversed and the cause remanded to that court with instructions to vacate the entry of dismissal entered on April 23, 1965, and to reinstate the action as a pending case and for further proceedings according to law.

*Judgment reversed.*

ARTL, C. J., CORRIGAN and SILBERT, JJ., concur.